IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM ANDREW JEWELL,

Plaintiff,

v.

OPINION and ORDER

26-cv-630-wmc

FRANK J. BISIGNANO,

Defendant.

---

Plaintiff William Andrew Jewell, who is incarcerated at the Federal Correctional Institution in Oxford, Wisconsin and representing himself, has filed a lawsuit against Frank Bisignano, the Commissioner of the United States Social Security Administration ("SSA"), under 42 U.S.C. § 405(g), which provides for judicial review of final decisions of the Commissioner. Because plaintiff is a prisoner seeking relief from a governmental officer, the court is required to screen the complaint and dismiss any portion that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A. In conducting this review, the court must accept plaintiff's allegations as true and construe them generously, holding the complaint to a less stringent standard than pleadings drafted by a lawyer. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Plaintiff's complaint is 23 single spaced pages with 121 pages of attachments. (Dkt. #1.) His allegations are difficult to decipher, but he appears to be claiming that he is entitled to current and past-due social security disability benefits due to his psychiatric condition. However, federal district courts lack jurisdiction to review complaints for social security benefits absent an allegation that the plaintiff has sought and received a final decision from the

SSA denying such benefits. 42 U.S.C. § 405(g); *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975) ("[T]he complaint is deficient in that it contains no allegations that [the plaintiffs] have even filed an application with the Secretary, much less that he has rendered any decision, final or otherwise, review of which is sought."); *Johnson v. Sullivan*, 922 F.2d 346, 352 (7th Cir. 1990) ("Under 42 U.S.C. § 405(g), a plaintiff must receive a final decision from the Secretary before seeking judicial review of his claim."). There is no such allegation here. Instead, plaintiff alleges that he was awarded disability benefits in the 1990s, stopped receiving them some years later, and then asked for them to be reinstated. But he does not allege that he has received a final decision from the Commissioner on any recent application for disability benefits. Nor does framing his request for benefits as a constitutional or civil rights claim excuse plaintiff from this requirement.

Finally, the Social Security Act restricts an incarcerated person's entitlement to benefits, providing that, "no monthly benefits shall be paid…to any individual for any month… throughout all of which such individual…is confined in a jail…pursuant to his conviction of a criminal offense." 42 U.S.C. § 402(x)(1)(A)(i). Because plaintiff is incarcerated for a felony conviction, he is not entitled to disability benefits. *See Mansfield v. Massanari*, 21 F. App'x 489 (7th Cir. 2001) (affirming dismissal of prisoner's complaint for failure to state a claim in part because he was not entitled to social security benefits while incarcerated). Likewise, under the No Social Security Benefits for Prisoners Act of 2009, Pub. L. 111–115, 123 Stat. 3029 (Dec. 15, 2009), *codified at* 42 U.S.C. § 1383(b)(7)(A), retroactive payments of social security benefits cannot be made to prisoners. *See Fowlkes v. Thomas,* 667 F.3d 270, 271–72 (2d Cir. 2012). This rule is "without exception." *Id.* at 272.

Because plaintiff's complaint does not establish subject matter jurisdiction or state any claim upon which relief may be granted, the court will dismiss it. Moreover, because any amendment would be futile, the complaint will be dismissed with prejudice and the clerk shall record a strike under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff William Andrew Jewell's complaint (dkt. #1), is DISMISSED with prejudice and without leave to amend.

2. The clerk of court is directed to record a strike under 28 U.S.C. § 1915(g).

3. Defendant's motion for a more definite statement (dkt. #5) is DENIED as moot.

Entered this 30th day of October, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge